| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>CORY MARVIN BAKER,<br><br>        Defendant. | **No. 4:25-cr-00049-RGE-WPK**<br><br><br>**ORDER RE:<br>MOTIONS IN LIMINE** |

## I.        INTRODUCTION

A grand jury in the Southern District of Iowa returned an indictment charging Defendant Cory Marvin Baker with attempting to receive child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1) (Count 1) and with attempting to possess child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 2). Redacted Indictment 1–3, ECF No. 2. This matter is scheduled to proceed to trial on September 2, 2025. *See* Crim. Trial Set. Order, ECF No. 24. Now before the Court are the parties' motions in limine filed in anticipation of trial. Gov't's Mot. Lim., ECF No. 30; Gov't's Mot. Fed. R. Evid. 104(a), ECF No. 33; Def.'s Mot. Lim., ECF No. 27. These matters were addressed at the Final Pretrial Conference on August 29, 2025. *See* Final Pretrial Conf. Mins., ECF No. 43. This Order memorializes and expands upon the Court's oral rulings made at the Final Pretrial Conference.

## II.        LEGAL STANDARD

"A district court has broad discretion when deciding whether to admit evidence," and its decision will not be disturbed "absent a clear and prejudicial abuse of that discretion." *Black v. Shultz*, 530 F.3d 702, 707 (8th Cir. 2008) (quoting *Hoselton v. Metz Baking Co.*, 48 F.3d 1056, 1059 (8th Cir. 1995)). Evidence may be admitted only if it is relevant. Fed. R. Evid. 402. Relevant

evidence is any evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may not be admitted when it is barred by rule, statute, or the United States Constitution. Fed. R. Evid. 402. Relevant evidence may be excluded if its probative value is "substantially outweighed" by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Parties may seek pretrial rulings on the admissibility of evidence under Federal Rule of Evidence 104(a). The Court "is not bound by evidence rules, except those on privilege," in making these determinations. Fed. R. Evid. 104(a).

## III. DISCUSSION

Both parties' motions address Baker's prior offenses as well as his supervised release status and their admissibility under the Federal Rules of Evidence. *See* ECF No. 33 at 2–9; Def.'s Br. Supp. Mot. Lim. 3–10, ECF No. 27-1. The Court addresses these issues first, then turns to the Government's remaining motions in limine. For the reasons set forth below, the Court grants in part and denies in part the Government's motions in limine, and denies Baker's motions in limine.

### A. Baker's Prior Offenses

#### 1. Rule 404(b)

The Government moves to admit evidence of Baker's 2000 conviction for sexual exploitation of a minor and possession of child pornography, and 2013 conviction for possession of child pornography. ECF No. 33 at 2–6; *see* Am. Gov't's Ex. List, ECF No. 42 (exhibits 303, 303A, 302, and 302A). The Government filed a notice of intent to use Baker's 2000 and 2013 convictions on July 30, 2025. *See* Gov't's Notice Under Fed. R. Evid. 404(b), ECF No. 26. Baker

moves to exclude these prior convictions under Rules 403 and 404(b). ECF No. 27–1 at 4–10.

Federal Rule of Evidence 404(b) permits evidence of prior crimes for purposes other than to show propensity. Fed. R. Evid. 404(b). "Rule 404(b) is a rule of inclusion that permits evidence of prior crimes to show a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019) (internal quotation marks and citation omitted).

> The evidence must be (1) relevant to a material issue raised at trial, (2) similar in kind and not overly remote in time to the crime charged, (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act, and (4) of probative value not substantially outweighed by its prejudicial effect.

*Id.*

Baker argues that knowledge is not at issue at trial because he does not contend that he does not know what child pornography is. ECF No. 27-1 at 5. Baker argues the sole relevant use of the 2000 and 2013 convictions is establishing motive, which would require directly arguing the convictions demonstrate a propensity to commit the current alleged crimes. *Id.* Baker also argues the probative value of the prior convictions is substantially outweighed by its prejudicial effect. *Id.* at 6–7, 9–10.

The Government argues that because it expects Baker will rely on a general denial defense at trial, Baker's knowledge and intent are at issue. ECF No. 33 at 2. The Government argues Baker's 2000 and 2013 convictions are relevant to his knowledge and intent because the convictions are relevant to his state of mind. *Id.* at 2–3.

Baker's prior convictions are similar in kind to each of the offenses charged in the indictment. A defendant places their knowledge, motive, and intent at issue by means of a general denial. *See Monds*, 945 F.3d at 1052 (citing *United States v. Harry*, 930 F.3d 1000, 1006 (8th Cir. 2019)); *United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995). Here, Baker is proceeding

to trial on each of the two counts charged in the indictment. Baker's 2000 and 2013 convictions are similar in kind to the child pornography offenses alleged in the two counts. Baker's previous convictions center on production and possession of child pornography. *See* ECF No. 33 at 3. His current charges center on attempted receipt and possession of child pornography. *Id.* "Evidence of other acts is generally admissible" to establish intent. *United States v. Thomas*, 593 F.3d 752, 758 (8th Cir. 2010). Intent to receive and possess prohibited images are anticipated to be contested issues at trial, providing a valid basis for admission of the convictions under Rule 404(b).

Baker also argues the 2000 and 2013 convictions are overly remote in time. ECF No. 27–1 at 6–7, 9. The Government argues the convictions are not overly remote. Gov't's Resp. Def.'s Mot. Lim. 2, ECF No. 37. There "is no fixed period within which the prior acts must have occurred." *United States v. Ellis*, 817 F.3d 570, 580 (8th Cir. 2016) (quotation marks and citation omitted). The underlying question is one of reasonableness. *Id.* In addition "[w]here the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be rendered irrelevant only by 'an enormous lapse of time.'" *Thomas*, 593 F.3d at 758 (citing *United States v. Anifowoshe*, 307 F.3d 643, 647 (7th Cir. 2002)). Therefore, because, as detailed above, the charged offenses and the prior acts are very similar only an enormous lapse of time can render the prior acts irrelevant.

The Eighth Circuit has upheld use of prior convictions that were twenty years old. *United States v. Williams*, 308 F.3d 833, 836–37 (8th Cir. 2002). A relevant factor in this determination is the amount of time the defendant was incarcerated during the intervening period. *See Ellis*, 817 F.3d at 580 (holding a nineteen-year-old conviction was not too remote when the defendant had spent significant intervening time incarcerated); *United States v. Warren*, 788 F.3d 805, 811–12 (8th Cir. 2015) (upholding introduction of a fifteen-year-old conviction); *United States v. Strong*, 415 F.3d 902, 905–06 (8th Cir. 2005) (upholding introduction of a sixteen-year-old conviction);

*United States v. Walker,* 470 F.3d 1271, 1275 (8th Cir. 2006) (upholding introduction of an eighteen-year-old conviction).

Here, while the 2000 conviction occurred over twenty-three years before the current charged offense, Baker spent over fifteen years of that time in prison. *See* ECF No. 32 at 5–6. In 2000, the Court sentenced Baker to a 102-month term of imprisonment and a three-year term of supervised release. J. Crim Case 2–3, *United States v. Baker,* No. 4:99-cr-00264-REL (S.D. Iowa), ECF No. 28. He began his term of supervised release on August 15, 2007. *See* Revised Final Presentence Investigation Report ¶ 40, *United States v. Baker,* No. 4:12-cr-00144-RGE-HCA (S.D. Iowa), ECF No. 40. On September 26, 2012—two years after Baker completed his three-year term of supervised release—Baker was charged with possessing child pornography, resulting in a 120-month term of imprisonment and a fifteen-year term of supervised release. J. Crim. Case 2–3, No. 4:12-cr-00144, ECF No. 41. Baker began his second term of supervised release on May 3, 2021. Mot. Modify Conditions Supervised Release 1, No. 4:12-cr-00144, ECF No. 53. Less than three years later, Baker allegedly committed the charged offenses. *See* ECF No. 2 at 1, 2. In total, Baker spent eight years and two months out of prison between the original 2000 conviction and the date of the current charged offenses. Baker was on supervised release for five years and six months of the eight-year-and-two-month period. This significant period of incarceration, combined with the similarity of the previous convictions and current offenses, renders the prior convictions not too remote in time.

Next, Baker argues the evidence's probative value is substantially outweighed by its prejudicial effect. ECF No. 27-1 at 6–7, 9–10. The Government argues the evidence is probative and is not substantially outweighed by any unfair prejudicial effect. ECF No. 33 at 7. The probative value of Baker's 2000 and 2013 convictions are not substantially outweighed by their unfair prejudicial effect. These convictions are similar to the crimes charged. The convictions are not

prejudicial as they do not tend "to suggest decision on an improper basis." *United States v. Levine*, 477 F.3d 596, 601 (8th Cir. 2007) (internal quotation marks and citation omitted). And the Court will instruct the jury on the limited purpose for which they can use the evidence, alleviating the risk of undue prejudice. *See United States v. Drew*, 9 F.4th 718, 724 (8th Cir. 2021) (recognizing "the presence of a limiting instruction diminishes the danger of any unfair prejudice from the admission of other acts" (citations omitted)); *Warren*, 788 F.3d at 812 (finding the district court properly limited any prejudice by issuing a limiting instruction); *United States v. Bartunek*, 969 F.3d 860, 863 (8th Cir. 2020) (recognizing "[r]elevant evidence in a child pornography case often is disturbing" and as such is not sufficient grounds alone to exclude the evidence).

Admission of these two convictions is also not needlessly cumulative. The Eighth Circuit has cautioned that admission of cumulative prior convictions can turn into propensity evidence, but use of cumulative prior convictions is generally permissible when used for a proper purpose such as demonstrating intent or knowledge. *See United States v. Davis*, No. 24-1836, 2025 WL 2435365, at *2 (8th Cir. Aug. 25, 2025) (recognizing there is no set ceiling on the number of convictions that can be used to prove intent and noting there is generally no abuse of discretion in admitting multiple convictions when paired with a limiting instruction). Here the evidence goes to the proper purpose of demonstrating knowledge and intent and is therefore not needlessly cumulative.

The parties have agreed to stipulate to the 2000 and the 2013 convictions. *See* ECF No. 43. The Government concedes there is no additional relevant information contained in the plea agreement that is not contained in the stipulation as to the 2013 conviction. *Id.* Therefore, while the stipulation to the prior convictions is admitted for the reasons discussed above, the redacted plea agreement for the 2013 conviction—Government's Exhibit 302A—is excluded as needlessly

cumulative. *Cf.* Fed. R. Evid. 403.[1]

### 2. Supervised Release Status

Baker argues any evidence of his supervised release status, supervision by a probation officer, violations of a condition of supervised release, rationale for those conditions, or status as a sex offender should be precluded because they are prohibited propensity evidence. ECF No. 27-1 at 10. The Government argues his status is essential to provide context to the jury and to "complete the story" of the charged crimes. ECF No. 33 at 7. Relevant evidence under Federal Rule of Evidence 402 "includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the charged crime." *United States v. Guzman*, 926 F.3d 991, 1000 (8th Cir. 2019) (citing *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014)).

Baker's current charges stem from internet searches conducted on unauthorized devices he possessed while on supervised release. ECF No. 33 at 8. The Government states they anticipate calling United States Probation Officer Jacob Baska to testify regarding his unannounced home visit, Baker's statements to probation officers regarding the devices, probation officers' decision to search Baker's residence, discovery of the devices, and subsequent events. *Id.* This potential testimony "relat[es] to the background and circumstances of the charged crimes," therefore this testimony is not 404(b) evidence and is admissible. *United States v. Garcia-Hernandez*, 682 F.3d 767, 772 (8th Cir. 2012) (quotation marks and citation omitted); *see also United States v. Edwards*, 159 F.3d 1117, 1129 (8th Cir. 1998) ("Rule 404(b) does not bar evidence that completes the story of the crime or explains the relationship of parties or the circumstances

---

[1] The Court reserved ruling on the admissibility of Exhibit 303A, which address the 2000 conviction. ECF No. 43.

surrounding a particular event."). This line of questioning helps "complete[] the story" and explain how and why Officer Baska and other officers were present at Baker's residence and why they searched both the residence and the discovered devices. *Garcia-Hernandez*, 682 F.3d at 772 (alteration in original) (quotation marks and citation omitted).

In addition, even if the evidence above is not considered intrinsic, it is also admissible under Rule 404(b) to show Baker's intent to attempt to receive and possess child pornography. Baker was required to list all of his internet identifiers. In addition to other evidence relating to Baker's conditions of supervised release, the Government seeks to introduce testimony regarding Baker's sex offender registry limited to his name and the list of registered identifiers.[2] ECF No. 33 at 11. The Government will offer testimony that Baker failed to list two identifiers and that these identifiers were discovered on the three unauthorized devices. ECF No. 33 at 10. Baker's act of failing to register these identifiers is probative evidence of an attempt to shield his activity from monitoring and serves as evidence of his intent to attempt to receive and possess child pornography.

The probative value of Baker's supervised release status, supervision by a probation officer, violations of a condition of supervised release, rationale for those conditions, and status as a sex offender is not substantially outweighed by its risk of unfair prejudice. The focus of this inquiry is on whether *unfair* prejudice may arise from introduction of the evidence. *See United States v. Evans*, 802 F.3d 942, 946 (8th Cir. 2015) (emphasizing Rule 403 does not exclude evidence that is prejudicial merely because it is detrimental to a party's case, only evidence that is unfairly prejudicial). This evidence of the circumstances surrounding Baker's alleged attempted

---

[2] At the final pretrial conference, the Court withdrew its proposed exhibit 301, a significantly redacted copy of Baker's sex offender registry.

receipt and possession of prohibited images, including his attempt to avoid supervision of his devices, does not risk unfair prejudice that outweighs the probative value. In order to reduce the risk of speculation by the jury, the heavily redacted document listing the conditions imposed is excluded. The Government will be allowed to offer evidence of Baker's supervised release status, supervision by a probation officer, violations of a condition of supervised release, rationale for those conditions, and status as a sex offender through oral testimony.

### 3. *Images located in the Cache of Baker's Devices*

The Government anticipates offering "some of the [fifteen] images [a] forensic examiner identified as potentially containing child sex abuse material and some of the [seventy-seven] images the forensic examiner identified as child erotica that were located in the cache on [Baker's] devices." ECF No. 33 at 11. While these images are not the basis of the current charged offenses, they are "intrinsically intertwined" intrinsic evidence for the current charged offenses. The images were found on the same prohibited devices that Baker used to conduct the internet search at issue. ECF No. 33 at 11. The contemporaneous presence of these images on these devices provides context and is probative of Baker's intent to receive and possess child pornography by conducting internet searches on those same devices. In addition, there is no risk of confusion here because there are no other images which separately resulted in actual possession charges. All images before the jury are probative of Baker's intent to receive and possess child pornography. *C.f. United States v. Airhart*, No. 24-1210, 2025 WL 2265722, at *2 (8th Cir. Aug. 8, 2025) (finding that bullet casings found inside of an apartment were not intrinsic evidence of a shooting outside the apartment because they did not help "complete[] the story" or provide context).

Even if the images do not constitute intrinsic evidence, they are still admissible under Rule 404(b) to show Baker's intent in conducting the internet searches. *See United States v. Fechner*, 952 F.3d 954, 961 (8th Cir. 2020) (finding that images were "relevant to establish a motive for

9

possessing child pornography and rebut claims of accident or mistake"); *Bartunek*, 969 F.3d at 862.

The Court grants this aspect of the Government's Motion in Limine.

### B. The Government's Remaining Motions in Limine

#### 1. Jury Nullification

The Government moves to preclude Baker from "making arguments, admitting evidence, or framing questions in the presence of the jury that are designed to induce jury nullification." ECF No. 30 at 2. Arguments and questions to the jury encouraging jury nullification are prohibited. *See United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974) ("To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos."); *see also Sparf v. United States*, 156 U.S. 51, 106 (1895). The Court will instruct the jury that it must apply the facts to the law, even if it disagrees with the law. Additionally, the Court will instruct the jury that if it finds the Government has proved its case beyond a reasonable doubt, then it must return a guilty verdict. The parties are prohibited from making arguments or asking questions to encourage or reference jury nullification, as such arguments and questions are improper.

The Court grants this aspect of the Government's Motion in Limine.

#### 2. Reasonable Doubt

The Government moves to preclude the parties from redefining reasonable doubt. ECF No. 30 at 3–5. It is generally improper to redefine reasonable doubt. *United States v. Drew*, 894 F.2d 965, 969 (8th Cir. 1990) ("[P]rosecutors would be well advised to avoid trying to explain to the jury the meaning of 'beyond a reasonable doubt' (this is a function properly performed only by the trial judge) . . . ."). Attempts to quantify the reasonable doubt standard have been "met with strong disapproval in federal courts." *United States v. Pungitore*, 910 F.2d 1084,

1145 (3d Cir. 1990) (citation omitted). And novel illustrations or analogies that expand on the standard can risk confusing the jury. *See, e.g., United States v. Iglesias-Tovar*, No. 21-2567, 2022 WL 3349124 at *2 (8th Cir. Aug. 15, 2022) (affirming a district court's refusal to permit a defendant to define reasonable doubt through a narrative analogy and stating, "There is no abuse of discretion where a district court limits the defendant's explanation relating to the burden of proof when the district court has sufficiently instructed the jury on the concept.") (per curiam); *see also United States v. Pinkney*, 551 F.2d 1241, 1243–44 (D.C. Cir. 1976). The Court will instruct the jury as to the definition of reasonable doubt. Counsel may ask prospective jurors during voir dire about their ability to apply the reasonable-doubt standard. Counsel may discuss the standard during closing arguments. But counsel is precluded from redefining the standard or going beyond the Court's instruction.

The Court grants this aspect of the Government's motion in limine.

### 3.      Precluding Baker from introducing self-serving testimony

The Government moves to exclude prior statements made by Baker. ECF No. 30 at 5–6. The Government notes Federal Rules of Evidence 802 precludes hearsay statements and that Baker's out-of-court statements, when offered for their truth, would constitute hearsay. *Id.*; Fed. R. Evid. 801, 802. The Court defers ruling generally as to whether particular testimony qualifies as inadmissible hearsay until more specific information is before the Court. Additional information is necessary to determine whether a particular statement qualifies as hearsay and whether any exception to the general inadmissibility of hearsay applies. The Court will address objections to alleged hearsay as objections are made.

The Court denies this part of the Government's Motion in Limine without prejudice to the assertion of hearsay-related objections during trial or the renewal of requests for a tailored limiting order in the event hearsay-related issues interfere with trial.

11

## IV. CONCLUSION

The Court expects counsel to comport themselves in a manner consistent with the representations made in their motions in limine. The Court expects counsel to object at trial to evidence they believe is inadmissible.

**IT IS ORDERED** that the Government's Motion under Federal Rule of Evidence 104(a), ECF No. 33, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Cory Marvin Baker's Motion in Limine, ECF No. 27, is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion in Limine, ECF No. 30, is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

Dated this 29th day of August, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE