IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CORY MARVIN BAKER,<br><br>Defendant. | Criminal No. 4:25-cr-049<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Defendant Cory Marvin Baker is a repeat offender of child exploitation crimes with three prior federal convictions. Defendant served over 14 years in prison for these convictions. Not long after Defendant got out of prison for his most recent conviction, he sought out and attempted to receive child pornography on three electronic devices he had been hiding from United States Probation Office. This is Defendant's fourth conviction. The Court should sentence him to 192 months in prison.

## I. PROCEDURAL BACKGROUND

A grand jury in the Southern District of Iowa indicted Defendant on two counts: attempted receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) (Count 1); and attempted possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Count 2). Redacted Indictment, ECF No. 2. The indictment also listed Defendant's prior convictions under each count. *Id.* Defendant proceeded to trial. Following a one and one-half day trial, the jury returned a guilty verdict on Count 1. Jury Verdict, ECF No. 51; Presentence Investigation Report, ECF No. 83 ¶ 4 (hereinafter "PSR").

## II. SENTENCING CALCULATION

### A. Statutory Maximum and Minimum Sentence

Defendant is subject to a minimum term of imprisonment of 15 years and a maximum term of imprisonment of 40 years, a fine of up to $250,000, and a term of supervised release of 5 years to life. PSR ¶¶ 97, 102, 106. A $100 special assessment also applies. *Id.* ¶ 107.

### B. Sentencing Guidelines Calculation

The PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| USSG §2G2.2(a)(2) (base) | 22 |
| USSG §2G2.2(b)(5) (Pattern of Activity) | +5 |
| USSG §2G2.2(b)(6) (Use of Computer) | +2 |
| USSG §3C1.1 (Obstruction of Justice) | +2 |
| Total Offense Level | 31 |
| Criminal History Category | III |
| Guideline Sentencing Range | 135 to 168 months' imprisonment |

Since the advisory guidelines sentencing range is less than the statutory mandatory minimum sentence of 15 years' imprisonment, the guidelines term becomes 180 months' imprisonment.

### C. Disputed Issues

Defendant objects to the narrative in Paragraph 47 ("Other Arrests"), which recounts sexual abuse allegations made against Defendant in 1993 and summarizes

the investigation of those allegations. The information contained in this paragraph was included in the "Other Arrests" section of the Presentence Investigation Reports for both of Defendant's prior federal cases. *See United States v. Baker*, 4:99-cr-264 (S.D. Iowa 2000), ECF No. 29 ¶¶ 118–20; *United States v. Baker*, 4:12-cr-144 (S.D. Iowa 2013), ECF No. 40 ¶ 45. Defendant does not appear to suggest the allegations against him and the investigation of those allegations are inaccurately summarized in Paragraph 47. He instead disputes the veracity of the allegations and the inclusion of this information in the "Other Arrests" section.

The Court can consider any information underlying Defendant's prior contacts with law enforcement officers and give such information the weight it deems appropriate. 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence."). The information contained in Paragraph 47 is appropriately included in the PSR under the section reserved for information about contacts with law enforcement that did not result in a conviction. The Court can and should consider the information in Paragraph 47 in determining the appropriate sentence to impose.

## III. SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –

A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
B. to afford adequate deterrence to criminal conduct;
C. to protect the public from further crimes of the defendant; and
D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the following reasons, the § 3553(a) factors support a sentence of 192 months' imprisonment.

Defendant used a cellphone, a tablet, and a laptop—all devices he was not authorized to have—to search for and attempt to receive child pornography. This offense is serious. Defendant attempted to receive child pornography while being supervised by the United States Probation Office. Probation officers uncovered Defendant's activities when they visited Defendant's home and found those three devices hidden in his bed. PSR ¶ 9. Forensic analyses of the devices showed that on approximately 5 days, Defendant used the same search terms over and over again: "young naked teen boys"; "hotel security catches boys in shower"; and "hidden cameras in boys shower." *Id.* ¶¶ 14, 18; Gov't's Trial Exs. 263, 264, ECF Nos. 61-64, 61-65. When Defendant entered these searches, he was combing the internet for sexually explicit videos and images of minor boys. Defendant's sexual interest in minor boys and efforts to receive child pornography are showcased in what examiners found in the tablet's cache. In the cache—which is where the tablet stored images and

screen captures of webpages previously viewed on the tablet—there were 15 images of possible child pornography depicting what appeared to be minor boys. PSR ¶ 13. Among the images in the cache that were not child pornography, there were dozens of images of nude or partially minor boys, including: images of infant boys in apparent medical settings that focused on the infant's genitals; and images of prepubescent boys in swim trunks. *Id.*; *see also* Gov't's Trial Exs. 501–516. Defendant completely disregarded the barriers intended to deter him (like supervision by probation officers and prohibitions on possessing unauthorized internet-capable devices). Instead, Defendant made every effort to conceal his activities so he could repeatedly search for child pornography. These efforts included figuring out how to pass a polygraph examination. PSR ¶ 10. Defendant's conduct is incredibly dangerous and presents a significant risk to the community. Defendant has also demonstrated a complete lack of respect for the law. A sentence of 192 months' imprisonment is warranted.

Defendant's criminal history is incredibly aggravating. Defendant has three prior federal convictions for child exploitation offenses. In 2000, Defendant was convicted of sexual exploitation of a minor and possession of child pornography. *Id.* ¶ 39. Those convictions involved, in part, Defendant taking sexually explicit photos of a minor boy in a hotel room. *Id.* He was sentenced to 102 months' imprisonment. *Id.* Just a few years after Defendant got out of prison, he was convicted in state court for failure to report he had a cellphone in his sex offender registration. *Id.* ¶ 40. He then received his third federal conviction in 2012 for possession of child pornography and was sentenced to 120 months' imprisonment. *Id.* ¶ 41. Defendant is committing the

same kinds of offenses over and over again. Defendant was not deterred by prior more lenient sentences. Defendant did not take advantage of the opportunities presented by those sentences. Instead, Defendant tried to find ways to hide his activities so he could commit the same or similar crimes. The enhanced penalty for violations of 18 U.S.C. 2252A(a)(2) (from a 5-year mandatory minimum to a 15-year mandatory minimum) is triggered with just a single prior child pornography trafficking conviction. Defendant has three. A significant sentence is appropriate.

Though Defendant did not participate in an interview with the probation office, the information included from prior PSRs indicate Defendant has some mitigating history, including experiencing abuse and struggles with mental health issues. *Id.* ¶¶ 67, 71.

Turning to potential financial obligations for Defendant, with a conviction under 18 U.S.C. § 2252A(a)(2), Defendant would typically be required to pay restitution to victims. 18 U.S.C. § 2259. However, there are no identifiable victims in this matter, so Defendant will not be subject to restitution. Even so, there are other financial assessments the Court could impose that may be appropriate here, including an assessment under the Amy, Vicky, and Andy Child Pornography Victim

Assistance Act of 2018 (AVAA).[1] 18 U.S.C. § 2259A. It is Defendant's burden to establish he is unable to pay a special assessment under the AVAA. *United States v. Woods*, 137 F.4th 900, 911 (8th Cir. 2025); *see also* USSG §5E1.2. Here, Defendant did not participate in an interview with the probation office. PSR ¶ 92. From the information the probation office was able to obtain, Defendant has a positive net worth of at least $2,191. *Id.* ¶ 91. Defendant also has the possibility of earning an income while incarcerated. Defendant has not shown he cannot pay a fine or that is unlikely to be able to pay a fine in the future. The Court should impose a special assessment under the AVAA in an amount the Court determines to be appropriate considering the factors set forth in sections 3553(a) and 3572. 18 U.S.C. § 2259A(c).

Considering the seriousness of Defendant's offense and Defendant's extremely aggravating criminal history in conjunction with Defendant's mitigating history, the government recommends a sentence of 192 months in prison. The government further recommends the Court impose any term of imprisonment consecutive to the term of imprisonment imposed for Defendant's supervised release revocation in 4:12-cr-144. *See* USSG §5G1.3, comment. (n.4(C)) ("Commission recommends that the sentence

---

[1] Though Defendant does not appear to be indigent, the government does not believe the $5,000 special assessment under 18 U.S.C. § 3014 (the Justice for Victims of Trafficking Act of 2015 (JVTA)) can be ordered in this case. While the JVTA has historically provided for this special assessment, it expired on September 30, 2025, and was not revived until November 12, 2025. The funding bill that revived § 3014 specified that it did not apply retroactively. See H.R. 5371, 119th Cong. § 125 (2025). As such, the additional special assessment under § 3014 would not apply to any conduct that occurred before November 12, 2025.

for the instant offense be imposed consecutively to the sentence imposed for the revocation.")

Respectfully Submitted,

David C. Waterman
United States Attorney

By: */s/ Shai D. Gonzales*

Shai D. Gonzales
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: shai.gonzales@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail ______ Fax _____Hand Delivery
__X__ECF/Electronic filing ____Other means

By: */s/ Shai Gonzales, AUSA*